16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Mark R. WOODARD, Plaintiff/Appellant,
v.
ROCK COUNTY, WISCONSIN, Defendant/Appellee.
 No. 93-2328.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1994.*
Decided Feb. 11, 1994.
Rehearing Denied March 8, 1994.
 
 Before ESCHBACH, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Mark Woodard filed an action against Rock County, Wisconsin. The court construed his complaint as containing a claim that the County was intentionally retaining a fraudulent employment file on Woodard and was using the file to interfere with Woodard's attempts to obtain employment. The district court dismissed the action for failure to comply with discovery. Rule 37 of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action or proceeding with prejudice when a litigant fails to obey a court order directing discovery. Fed.R.Civ.P. 37; Govas v. Chalmers, 965 F.2d 298 (7th Cir.1992); Powers v. Chicago Transit Authority, 890 F.2d 1355, 1361 (7th Cir.1989). We review the district court's dismissal for abuse of discretion. National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976); Powers, 890 F.2d at 1361; Patterson v. Coca-Cola Bottling Co., 852 F.2d 280, 283 (7th Cir.1988).
 
 
 2
 We have reviewed the record and find that the district court did not abuse its discretion. For the reasons stated in the district court order, we AFFIRM the judgment of the district court.[1]
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE WESTERN DISTRICT OF WISCONSIN
 
 3
 Mark R. Woodard, Plaintiff,
 
 
 4
 v.
 
 
 5
 County of Rock, Wisconsin, Defendant.
 
 OPINION and ORDER
 
 6
 No. 92-C-672-C.
 
 April 20, 1993
 
 7
 Defendant has moved for dismissal of this action as a sanction for plaintiff's failure to respond properly to interrogatories served upon him by defendant. Although I am reluctant to impose such a severe sanction upon a litigant, and particularly upon one who is unrepresented, I conclude that it is warranted in the unusual circumstances of this case.
 
 
 8
 Plaintiff paid the filing fee to begin this lawsuit in September 1992. His complaint was vague and diffuse, but construing it very liberally it was possible to make out a claim that defendant was intentionally retaining a fraudulent employment file on plaintiff and was using the file to interfere with plaintiff's attempts to find new employment. Plaintiff attempted to amend his complaint, but I denied the effort on the ground that the proposed amended complaint was incomplete and would not serve as a substitute for the original. Plaintiff did not serve his complaint on defendant until after I had entered an order on December 14, 1992, warning him of the need to do so.
 
 
 9
 In interrogatories and requests for production of documents dated February 1, 1993, defendant asked plaintiff to answer questions about his ability to find employment in the years at issue and to produce copies of his income tax returns for those years. Plaintiff responded by suggesting that the requests and interrogatories were "ridiculous" and lacked any basis, He stated that he intended to write an amended complaint that "details the specifics in this claims." Defendant filed a motion to compel discovery. At the preliminary pretrial conference held on February 19, 1993, I advised plaintiff that he had to answer the interrogatories, that the answers had to be filed with defendant by March 5, 1993, and that it was his responsibility to produce the income tax returns sought by defendant. I told plaintiff that if he complied with the order and if defendant was satisfied with the information produced, defendant would withdraw its motion to compel. Otherwise, defendant could renew its motion to compel. Counsel for defendant met with plaintiff following the preliminary pretrial conference to try to arrive at an understanding of the nature of the information sought. When they were unable to, I met with them and ruled on each interrogatory and request for production. I reemphasized to plaintiff the need for him to produce the information sought by defendant.
 
 
 10
 Despite my efforts to convince plaintiff of the need to comply with the discovery requests, he continued to give evasive and meaningless answers to the interrogatories and to withhold the tax returns sought in the request for production of documents. Defendant moved again to compel discovery and another hearing was held. Again, I ordered plaintiff to give complete and thorough responses to the interrogatories and to produce the documents sought by defendant and to do so no later than April 16, 1993. Plaintiff suggested that I enter an order requiring the Internal Revenue Service to produce his income tax returns for defendant. I advised him that I had no authority to order the Internal Revenue Service to take any action in a case in which it was not a party. I told plaintiff that failure to comply with the order might result in the dismissal of part or all of his lawsuit and I awarded defendant fees and costs for the bringing of the motion to compel.
 
 
 11
 Now it appears that plaintiff is impervious to orders and to monetary sanctions. He continues to evade defendant's efforts to obtain information that defendant needs in order to understand plaintiff's claim and to prepare a defense to it. In the meantime, he has filed his own interrogatories. These betray a failure to understand the elements of a federal claim and the facts needed to support it. For example, he has propounded a number of questions about the running of the corporation counsel's office, its budget, its staff and its duties. He has asked defendant to describe the "decal-symbol" that is commonly seen on the doors of Rock County highway equipment. He has asked why the courthouse has signs on the counter for civil, criminal, small claims and paternity but none for maternity.
 
 
 12
 From plaintiff's continued failure to produce the information sought from him, after three hearings and the imposition of monetary sanctions, I am convinced that he does not intend to comply with this court's orders. Although this lawsuit was begun more than seven months ago, defendant still does not know more than the vaguest outline of plaintiff's claim against it. As I explained to him at the various hearings, it is the obligation of a person who brings a lawsuit to respond to discovery requests so as to enable the persons sued to know what it is they must defend against. Plaintiff's unwillingness to fulfill this basic obligation deprives him of the right to use this court for the resolution of his claims against defendant.
 
 ORDER
 
 13
 IT IS ORDERED that plaintiff's complaint is DISMISSED, with prejudice, for plaintiff's failure to comply with the discovery orders of this court.
 
 BY THE COURT:
 
 14
 /s/ Barbara B. Crabb
 
 BARBARA B. CRABB
 District Judge
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Woodard generally mentions the "bill of costs." We need not address this issue because the district court ruled on the defendant's bill of costs after Woodard filed his notice of appeal, and Woodard has not filed a separate notice of appeal concerning the "bill of costs."